IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| HELEN MARIE TAYLOR et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. __3:20cv440__ |
| | ) |
| RALPH S. NORTHAM et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Ralph S. Northam; Virginia Secretary of Administration; Director, Virginia Department of General Services; and Director of Virginia Division of Engineering & Buildings hereby remove the above-captioned action from the Circuit Court for the City of Richmond (Case No. CL20002489-00) to the United States District Court for the Eastern District of Virginia. The Complaint and accompanying exhibits are attached as **Exhibit 1**. Other materials transmitted to counsel for Defendants that appear to be related to this matter are attached as **Exhibit 2**.

Earlier today, Plaintiffs filed a lawsuit challenging the lawfulness of Governor Ralph S. Northam's decision, as the duly elected Chief Executive Officer of the Commonwealth of Virginia, to relocate a piece of state property from one area of Commonwealth ownership and control to another. That property—a massive statue of Robert E. Lee in full Confederate regalia—glorifies one of the darkest periods in our Commonwealth's and our Nation's history and stands as a daily reminder that Virginia has not lived up to our ideals that all people are created equal. Symbols matter, and the Virginia of today can no longer honor a racist system that

1

enslaved millions of people. Installing a grandiose monument to the Lost Cause was wrong in 1890, and demanding that it stay up forever is wrong now. Accordingly, the Governor directed the Department of General Services to remove the statue from Monument Avenue as soon as possible. See Compl. ¶¶ 1, 6, 9.

In challenging the Governor's decision, Plaintiffs expressly assert—and seek relief based on—violations of federal law, alleging that Defendants' actions "are in conflict with the provisions of the laws of the United States and regulations promulgated by the United States Department of the Interior" and seeking "an order and judgment declaring that the actions of Defendants . . . violate . . . the provisions of United States law and regulations governing the use of property within a National Historic Landmark District." Compl. ¶ 9 & pp. 5–6. Accordingly, this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## BASIS FOR FEDERAL QUESTION JURISDICTION

1. On June 15, 2020, Plaintiffs filed Case No. CL20002489-00 in the Circuit Court for the City of Richmond.

2. In their Complaint, Plaintiffs specifically allege that the Governor's decision to remove a symbol of exclusion and injustice from state-owned property is "in conflict with the provisions of the laws of the United States and regulations promulgated by the United States Department of the Interior regarding National Historic Landmarks. 36 CFR §§ 60.14, 60.2, 65.2 and 65.9." Compl. ¶ 9.

3. Plaintiffs also specifically request relief under federal law. The "wherefore" clause of the Complaint requests "an order and judgment declaring that the actions of Defendants to remove the statue of Robert E. Lee from the ground within the National Historic Landmark

District violate . . . the provisions of United States law and regulations governing the use of property within a National Historic Landmark District." Compl. pp. 5–6.

4.     Plaintiffs also invoke federal law in support of their claimed harm. Compl. ¶ 7 (citing 26 U.S.C. § 170(h)(4) and 26 C.F.R. § 1.48-12).

5.     Because Plaintiffs have challenged Defendants' actions as violating federal law, this case necessarily "aris[es] under the Constitution . . . of the United States" within the meaning of 28 U.S.C. § 1331. See *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983) ("It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights."); *Lisenby v. Lear*, 674 F.3d 259, 262 (4th Cir. 2012) ("[R]emoval is appropriate if the face of the complaint raises a federal question." (quotation marks and citation omitted)).

6.     The fact that Plaintiffs also invoke state law in their Complaint does not defeat federal jurisdiction. See *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 303 (4th Cir. 2016) (state law cause of action "arise[s] under federal law . . . when the vindication of a right under state law necessarily turns on some construction of federal law" (quotation marks and citation omitted)); see also *Mendenhall v. City of Akron*, 374 Fed. Appx. 598, 599 (6th Cir. 2010) (affirming denial of motion to remand where complaint filed in state court "sought declaratory and injunctive relief invalidating [an] ordinance . . . as violative of both the federal and state constitutions").

7.     Because Plaintiffs' state-law claims challenge the same conduct and seek the same relief as Plaintiffs' federal claim, those claims are "so related" that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.

§ 1367(a). Accordingly, this Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367.

## OTHER REQUIREMENTS FOR REMOVAL

8. Counsel for Defendants received (by email, not by formal service) a copy of the Complaint in this matter earlier today, June 15, 2020. This Notice of Removal is thus timely filed because it is being "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

9. The Richmond Division of the United States District Court for the Eastern District of Virginia encompasses the City of Richmond, where the Complaint was filed. This Court is therefore "the district and division within which such action is pending" pursuant to 28 U.S.C. § 1446(a).

10. As required by 28 U.S.C. § 1446(d), Defendants will "[p]romptly . . . give written notice" of the filing of this Notice of Removal to the Clerk of the Circuit Court for the City of Richmond and counsel for Plaintiffs. A copy of the notice that will be provided is attached as **Exhibit 3**.

11. Because Defendants "did not answer before removal," Defendants will "answer or present other defenses or objections under these rules" within the time period listed in Federal Rule of Civil Procedure 81(c)(2).

\*       \*       \*

As pleaded in their Complaint, Plaintiffs have brought suit under federal law. Accordingly, this case arises under federal law and may be heard in a federal forum.

## CONCLUSION

The case originally filed in the Circuit Court for the City of Richmond (Case No. CL20002489-00) is hereby removed to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants respectfully request that the action proceed in this Court as an action properly removed to it.


Dated: June 15, 2020			Respectfully submitted,


**RALPH S. NORTHAM; VIRGINIA SECRETARY OF ADMINISTRATION; DIRECTOR, VIRGINIA DEPARTMENT OF GENERAL SERVICES; and DIRECTOR OF VIRGINIA DIVISION OF ENGINEERING & BUILDINGS**

By:  */s/ Toby J. Heytens*
Toby J. Heytens (VSB No. 90788)
Solicitor General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
THeytens@oag.state.va.us

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2020, a true and accurate copy of the foregoing Notice of Removal was filed electronically with the Court's CM/ECF system. A copy of this Notice of Removal was also transmitted by both first-class mail and email to:

Patrick M. McSweeney
3358 John Tree Hill Road
Powhatan, Virginia 23139
pmcsweeney.esq@gmail.com

Fred D. Taylor
Bush & Taylor, P.C.
4445 Corporation Lane
Virginia Beach, Virginia 23462
fred@bushtaylor.com

*Counsel for Plaintiffs*

By:   */s/ Toby J. Heytens*
Toby J. Heytens (VSB No. 90788)
Solicitor General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
THeytens@oag.state.va.us

*Counsel for Defendants*